UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERON N. LYNCH,

        Petitioner,                      No. C 09-1747 PJH (PR)

  vs.                                      **ORDER OF DISMISSAL**

JAMES A. HARTLEY, Warden,

        Respondent.

                                        /

        Petitioner, a California prisoner currently incarcerated at Avenal State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.  The petition is directed to a conviction incurred in Alameda County in 2005.  As grounds for relief petitioner contends that (1) an upper term sentence was imposed based on facts not tried to a jury and found to be true beyond a reasonable doubt, and (2) the sentence set out in the abstract of judgment is inconsistent with the oral sentence, and the oral sentence should control.

        In the petition Lynch says that he has a state habeas petition pending in Alameda Superior Court.  A review of the California Appellate Courts' website shows that a habeas petition filed by petitioner was denied on September 23, 2009, and that another of his petitions now is pending in the Supreme Court of California.  Thus, although the superior court petition probably no longer is pending, the supreme court one is.

        The Ninth Circuit has held unequivocally that the exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court in another context.  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).  This is

1  because the pending state action might result in reversal of the conviction on some other
2  ground, mooting the federal case.  *Id.*  This is true not only in the *Sherwood* fact pattern,
3  where although a direct appeal was pending the federal issues had been decided by the
4  state courts via another procedural route, but also to this fact pattern, in which a state
5  postconviction proceeding is pending.  *See Schnepp v. Oregon*, 333 F.2d 288 (9th Cir.
6  1964).  Although *Younger* abstention[1] might seem a better rationale for this requirement
7  than exhaustion, *see Phillips v. Vasquez*, 56 F.3d 1030, 1038-39 (9th Cir. 1995)
8  (concurring opinion), the court is nevertheless required to follow *Sherwood*.
9       The petition must be dismissed without prejudice to refiling it when no further
10 proceedings are pending in the California state courts.  *See Sherwood*, 716 F.2d at
11 634 (if state court action is pending, claims are not exhausted).

## CONCLUSION

13      The petition is **DISMISSED** without prejudice to filing a new petition when no state
14 case is pending.  The clerk shall close the file.
15 **IT IS SO ORDERED.**
16 Dated:  October 21, 2009.

                                    PHYLLIS J. HAMILTON
                                    United States District Judge

26 P:\PRO-SE\PJH\HC.09\LYNCH1747.DSM.wpd

---

[1] *Younger v. Harris*, 401 U.S. 37, 54 (1971).